**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ADINA RHEIN, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 16-8555 (ES) (JAD) |
| | : | |
| v. | : | MEMORANDUM |
| | : | |
| FORSTER, GARBUS & GARBUS, LLP, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**SALAS, DISTRICT JUDGE**

The Court writes primarily for the parties and assumes their familiarity with the factual allegations, procedural history, and arguments made in support of and in opposition to the pending motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (*see* D.E. No. 8).[1] The Court resolves this motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this is an action brought under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692, *et seq.* (*See, e.g.*, D.E. No. 1 ¶ 19 ("Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, and 1692f(1).")). For the following reasons, Defendant's motion to dismiss is GRANTED-in-part and DENIED-in-part.

In connection with Rule 12(b)(1), Defendant argues that "Plaintiff fails to meet the federal pleading standard per Fed. R. Civ. P. 8 as to Plaintiff's standing." (D.E. 8-1 at 1; *see also*

---

[1] The interested reader is referred to the parties' publicly filed submissions available on the Court's docket.

D.E. No. 15 at 1 ("Defendant brought the instant motion based on two premises, per F.R.Civ.P 12(b)(1) for lack of subject matter jurisdiction, i.e. that Plaintiff fails to meet the federal pleading standard per Fed. R. Civ. P. 8 as to Plaintiff's standing and fails to establish she is a 'consumer' or that the underlying obligation is a 'consumer debt' pursuant to the FDCPA . . . .")).

Defendant's standing challenge is undeveloped—but, to the extent the Court can make sense of it, Defendant's challenge is seemingly unsupported by case law in this District and others. *See, e.g.*, *Napolitano v. Ragan & Ragan*, No. 15-2732, 2017 WL 3535025, at *6-7 (D.N.J. Aug. 17, 2017) (collecting cases and finding that "it is evident that Plaintiff alleges a particularized and concrete injury, namely that the debt collection letter sent to Plaintiff was allegedly deceptive . . . . Plaintiff avers that particular conduct violates the FDCPA. Indeed, Plaintiff has a substantive, and not merely procedural, statutory right under the FDCPA to be free from receiving allegedly false or deceptive information relating to the collection of a debt. Because of the alleged violation, Plaintiff was placed at risk of economic injury by potentially being deceived. Accordingly, Plaintiff has standing to bring suit"); *Thomas v. John A. Youderian Jr., LLC*, 232 F. Supp. 3d 656, 671 (D.N.J. 2017) ("Deprivation of the right to be free of false or deceptive debt collection information, with the attendant risk of economic injury, is an interest recognized by the [FDCPA], and one reasonably rooted in the traditions of the common law. Under [*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016)], it may give rise to Article III standing. The pitfalls of such a claim, at the merits stage, are many. But these allegations are sufficient to support Article III standing and permit an examination of the merits."); *Garcia v. Law Offices Howard Lee Schiff P.C.*, No. 16-0791, 2017 WL 1230847, at *4 (D. Conn. Mar. 30, 2017) ("The FDCPA establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection. Because Mr. Garcia alleges a violation of a statute

creating legal rights, he has claimed a tangible and concrete injury that gives him standing to pursue his claims.") (cleaned up); *Pisarz v. GC Servs. Ltd. P'ship*, No. 16-4552, 2017 WL 1102636, at *5 (D.N.J. Mar. 24, 2017) ("Here, Plaintiff alleges that Defendant violated §§ 1692d and 1692e of the FDCPA by failing to provide the statutorily required disclosures, i.e., that Defendant is a debt collector attempting to collect a debt. In this Court's view, such a harm is real and concrete, sufficient to meet Article III standing."); *Remington v. Fin. Recovery Servs., Inc.*, No. 16-0865, 2017 WL 1014994, at *2 (D. Conn. Mar. 15, 2017) ("Turning first to particularity, the complaint sufficiently demonstrates that defendants' debt collection letter—if violative of the FDCPA—injured plaintiff in a way distinct from the body politic. . . . The complaint also sufficiently alleges an injury in fact. . . . [T]he harm alleged by plaintiff is not harm resulting from a bare procedural violation; rather, the alleged harm is impairment of an FDCPA-created substantive right to truthful, non-deceptive information in debt collection communications. By enacting the FDCPA, Congress permissibly created a right—the right to be free from false, deceptive, or misleading practices by debt collectors—for which a violation constitutes a particularized injury.") (cleaned up); *Sullivan v. Allied Interstate, LLC*, No. 16-0203, 2016 WL 7187507, at *5 (W.D. Pa. Oct. 18, 2016) ("Plaintiff has alleged more than a mere technical procedural violation. Indeed, Plaintiff alleges that Defendant violated his substantive rights under the FDCPA by its conduct and communications regarding his debt."), *report and recommendation adopted*, 2016 WL 7189859 (W.D. Pa. Dec. 9, 2016); *Everett v. Fin. Recovery Servs.*, No. 16-1806, 2016 WL 6948052, at *4 (S.D. Ind. Nov. 28, 2016) ("Ms. Everett has sufficiently demonstrated that she suffered a particularized and concrete injury when she received the Letter. . . . Defendants sent the Letter in an attempt to collect a debt and, according to Ms. Everett, it was allegedly misleading because it stated that any settlement may have tax

consequences, but that was not the case. Ms. Everett alleges that the misleading nature of the Letter caused her to incur costs and expenses consulting with her attorneys in connection with the Letter, to suffer financial loss, and to be subject to 'the threat of concrete harm.'").

Next, the Court considers whether Plaintiff "fails to establish she is a 'consumer' or that the underlying obligation is a 'consumer debt' pursuant to the FDCPA." (*See* D.E. No. 15 at 1). 15 U.S.C. § 1692a(3) defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." Nothing proffered by Defendant at this juncture suggests that this requirement is unmet. In fact, the letter-at-issue underlying this FDCPA action—which Defendant attached to its motion to dismiss—is addressed to Plaintiff and states that a "[d]ebt is [o]wed" to Discover Bank, who is identified as a "[c]reditor." (D.E. 8-1 at ECF Page No. 10).[2] It further states that Defendant is a "debt collector[]" and the balance due is $2,912.32. (*Id.*).[3] To the extent Defendant's motion is based on § 1692a(3)'s definition of "consumer," it is denied at this time.

On the other hand, the Complaint lacks sufficient allegations concerning the "consumer debt" requirement. *See* 15 U.S.C. § 1692a(5) ("The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."). Plaintiff alleges that the "debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a 'debt' as that term is defined by 15 U.S.C. §

---

[2]     The Court may consider the letter-at-issue at this stage. *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

[3]     To the extent that Defendant avers the "debt collector" requirement pursuant to § 1692a(6) is unmet here (*see* D.E. No. 8-1 at 3), the Court finds that argument undeveloped and, based on the allegations and the letter-at-issue, without merit at this time.

1692a(5)." (D.E. No. 1 ¶ 9). This, without supporting facts, is insufficient based on persuasive case law in this District.[4]

Moreover, the basis of Plaintiff's complaint is that Defendant improperly stated in the letter-at-issue that "'[t]his settlement may have tax consequences'"—and omitted certain information in light of making that statement. (*See* D.E. No. 1 ¶¶ 11-17). But persuasive authority suggests that this statement—without more—is insufficient for a claim under the FDCPA.[5] And because the premise of Plaintiff's alleged violations of the FDCPA is this (and only this) statement, the Court finds that Plaintiff has not stated a claim for which relief may be granted at this time under §§ 1692d, 1692e, or 1692f of the FDCPA, including the subsections invoked therein. *See Everett*, 2016 WL 6948052, at *4-8; *cf. Moses v. LTD Fin. Servs. I, Inc.*, No. 16-5190, 2017 WL 3421531, at *2 (N.D. Ill. Aug. 9, 2017) ("Because the § 1692f claim

---

[4]     *See, e.g.*, *Sanon-Lauredant v. LTD Fin. Servs., L.P.*, No. 15-6529, 2016 WL 3457010, *2 (D.N.J. June 22, 2016) ("'The alleged CHASE obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.' (Cplt., 29) This allegation, unsupported by any facts, is a legal conclusion that does not satisfy the pleading requirements of Rule 8."); *Vaquero v. Frederick J. Hanna & Assocs., P.C.*, No. 13-0641, 2013 WL 5947011, at *2 (D.N.J. Nov. 6, 2013) ("Plaintiff[']s sole allegation to plead the existence of a debt under FDCPA § 1692a(5) is that 'Defendant sought to collect from [Plaintiff] a debt allegedly due to [Chase Bank] arising from transactions incurred for personal, family, or household purposes' (Compl.¶ 11). In a separate ease [sic] against Defendant filed by the same attorney who is representing the instant Plaintiff, this Court rejected almost identical language as insufficient to withstand a motion to dismiss.") (alterations in original).

[5]     *See, e.g.*, *Smith v. Weltman, Weinberg & Reis Co., LPA*, No. 16-1333, 2017 WL 2345600, at *3-5 (S.D. Ill. May 30, 2017) (collecting cases and concluding that, "[b]ecause the statement '[t]his settlement may have tax consequences' is not a false, deceptive, or misleading representation used by [defendant] in connection with the collection of a debt, Smith has failed to state a claim under 15 U.S.C. § 1692e") (certain alterations added); *Dunbar v. Kohn Law Firm SC*, No. 17-0088, 2017 WL 1906748, at *2-7 (E.D. Wis. May 8, 2017) (analyzing several cases and concluding that: "A debtor who reads, 'This settlement may have tax consequences,' might reasonably have questions about what that means for her. But that is the point of the statement. It is intended to alert the debtor that there is an issue that she ought to consider when deciding whether to accept the proposed settlement. That is not misleading or deceptive. The court finds that it would take a bizarre and idiosyncratic reading for even an unsophisticated debtor to conclude that, in light of some potential unknown 'tax consequences,' she had better pay the entire debt rather than accept the proposed settlement. Accordingly, the court concludes that the defendants' statement, 'NOTICE: This settlement may have tax consequences' (ECF No. 21-1 at 2), was not 'false, deceptive, or misleading,' *see* 15 U.S.C. § 1692e."); *Remington*, 2017 WL 1014994, at *4 ("Defendants advised plaintiff of settlement options and then truthfully advised plaintiff that such settlement options 'may' have tax consequences. It would take a bizarre or idiosyncratic interpretation by the least sophisticated consumer to conclude that this true statement violates the FDCPA. To be sure, the Second Circuit has recently held that the absence of a tax statement like the one here does not violate the FDCPA, but nothing in [that case] conversely suggests that the inclusion of a tax statement—if it is an accurate statement of the law, as it is here—violates the FDCPA. Plaintiff has not stated a claim for which relief may be granted.") (internal citation omitted).

rests on the same premise (that the language in LTD's letter regarding the Form 1099-C was deceptive) as the § 1692e claim, the two claims rise or fall together.").

To be sure, Plaintiff's reliance on *Good v. Nationwide Credit, Inc.* (D.E. No. 1 ¶ 13 and D.E. No. 12 at 10-13) is misplaced; there is nothing in the letter-at-issue concerning the Internal Revenue Service (*see* D.E. 8-1 at ECF Page No. 10). *See* 55 F. Supp. 3d 742, 744 (E.D. Pa 2014) ("The letter included the following language: 'American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more. Please consult your tax advisor concerning any tax questions.' *Id.* Plaintiffs claim that this language is false, deceptive, and misleading, *id.* ¶¶ 24, 26, and that it constitutes a 'collection ploy,' *id.* ¶ 26, all in violation of the FDCPA, *id.* ¶ 36."). It is wholly unclear why Plaintiff asserts in her opposition that "Defendant's inclusion of the IRS language in the collection letter is deceptive and confusing." (*See* D.E. No. 12 at 12). Further, the Court finds that "[n]ot even the least sophisticated consumer would interpret the statement here to deceptively suggest that [Defendant was] required to or intended to contact the IRS." *See Remington*, 2017 WL 1014994, at *4 ("Nor did [defendant] assert in its letter that it would file a Form 1099-C, or that it would contact the IRS, or any variation thereof. Accordingly, this is not a case where a debt collector has needlessly suggested that it would report settlement of debt information to the IRS.").

Defendant's motion is therefore GRANTED in relevant part under Rule 12(b)(6), but DENIED at this time as it concerns standing under Rule 12(b)(1). *Cf. Remington*, 2017 WL 1014994, at *1 ("I conclude that plaintiff has standing, but that the words in this debt collection letter are not actionable, because they are not false, deceptive, or misleading."). Plaintiff may filed an amended complaint in accordance with the accompanying Order.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**