**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ADINA RHEIN,

   Plaintiff,

v.

FORSTER, GARBUS & GARBUS, LLP,

   Defendant.

Civil Action No. 16-8555 (ES) (JAD)

MEMORANDUM

---

**SALAS, DISTRICT JUDGE**

  Before the Court is Defendant Forster, Garbus & Garbus, LLP's motion to dismiss Plaintiff Adina Rhein's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 21). The Court resolves this motion without oral argument under Federal Rule of Civil Procedure 78(b). For the following reasons, Defendant's motion to dismiss is GRANTED.

  The Court writes primarily for the parties and assumes their familiarity with the factual allegations, procedural history, and arguments made regarding this motion. As the parties are aware, the Court dismissed the original Complaint because (i) it lacked sufficient allegations for the "consumer debt" requirement of the Fair Debt Collection Practices Act ("FDPCA"); and (ii) the statement "[t]his settlement may have tax consequences" by itself was insufficient to claim relief under FDPCA §§ 1692d, 1692e, or 1692f. (D.E. No. 18 (the "November 1 Memorandum") at 4-6).

  For the "consumer debt requirement," Plaintiff in her Amended Complaint inserted: "Specifically, the underlying debt was incurred on a Discover Bank credit card on which Ms. Rhein charged purchases for household, family and personal purposes, thereby constituting a

consumer debt under the FDCPA." (D.E. No. 20 ("Am. Compl.") ¶ 10); *see* 15 U.S.C. § 1692a(5) ("The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."). Compared with the dismissed Complaint, the Amended Complaint added only the creditor (Discover Bank) and Plaintiff's name. (*See* D.E. No. 1 ("Compl.") ¶ 9; Am. Compl. ¶¶ 9, 10). Without further specificity, the allegation that Plaintiff possessed and used a Discover Bank credit card to make purchases — of which at least some were for household, family, and personal purposes — does not demonstrate that she has met the FDCPA's definition of consumer debt.[1] The claim remains a conclusory legal determination. As such, the Court finds that Plaintiff has not cured the deficiency concerning "consumer debt" identified in the Court's November 1 Memorandum. (*See* D.E. No. 18 at 4-5).

More importantly, even if Plaintiff met this definition of "debt," the Amended Complaint does not contain sufficient facts to show that Defendant used "any false, deceptive, or misleading representation or means" or any "unfair or unconscionable means" to collect or attempt to collect that debt. *See* §§ 1692e, 1692f. Mirroring the first Complaint, Plaintiff's Amended Complaint bases its FDCPA allegations solely on Defendant's letter stating "[t]his settlement may have tax consequences." (*See* Compl. ¶¶ 11-17; Am. Compl. ¶¶ 12-21). Plaintiff has not alleged any

---

[1] *See Sanon-Lauredant v. LTD Fin. Servs., L.P.*, No. 15-6529, 2016 WL 3457010, at *2 (D.N.J. June 22, 2016) ("'The alleged CHASE obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes. . . .' This allegation, unsupported by any facts, is a legal conclusion that does not satisfy . . . Rule 8."); *Vaquero v. Frederick J. Hanna & Assocs., P.C.*, No. 13-0641, 2013 WL 5947011, at *2 (D.N.J. Nov. 6, 2013) ("Plaintiff[']s sole allegation to plead the existence of a debt under FDCPA § 1692a(5) is that 'Defendant sought to collect from [Plaintiff] a debt allegedly due to [Chase Bank] arising from transactions incurred for personal, family, or household purposes . . . .' In a separate ease [sic] against Defendant filed by the same attorney who is representing the instant Plaintiff, this Court rejected almost identical language as insufficient to withstand a motion to dismiss.") (alterations in original).

facts beyond those in the first Complaint. Instead, Plaintiff presents additional arguments to convince the Court that the statement-at-issue is enough. (*See* Compl. ¶¶ 11-17; Am. Compl. ¶¶ 12-22). But the Court in its November 1 Memorandum held that this statement—without more—is insufficient for a claim under the FDCPA.[2]

And Plaintiff's arguments do not convince the Court otherwise. Plaintiff's reliance on *Velez v. Enhanced Recovery Co., LLC*, No. 16-0164, 2016 WL 1730721 (E.D. Pa. May 2, 2016) is misplaced for the same reason as her previous reliance on *Good v. Nationwide Credit, Inc.*, 314 F.R.D. 141 (E.D. Pa. 2016), namely that "[n]ot even the least sophisticated consumer would interpret the statement here to deceptively suggest that [Defendant was] required to or intended to contact the IRS." (*See* D.E. No. 23 at 4-9; D.E. No. 18 at 6). Further, Plaintiff's argument that the language in the statement-at-issue "could cause the Plaintiff to never inquire into any settlement offer for fear of potential tax consequences" is unpersuasive, as is her argument on the use of the word "may" in the statement-at-issue. (*See* Am. Compl. ¶ 14; D.E. No. 23 at 7).

In conclusion, the November 1 Memorandum outlined the deficiencies in the Plaintiff's original Complaint and granted Plaintiff leave to amend. But Plaintiff in her Amended Complaint ignored this Court's holding without explanation and did not provide a single fact beyond the statement "[t]his settlement may have tax consequences" to support a claim under

---

[2] *See* D.E. No. 18 at 5; *see Smith v. Weltman, Weinberg & Reis Co., LPA*, No. 16-1333, 2017 WL 2345600, at *3-5 (S.D. Ill. May 30, 2017) ("Because the statement '[t]his settlement may have tax consequences' is not a false, deceptive, or misleading representation used by [defendant] in connection with the collection of a debt, Smith has failed to state a claim under 15 U.S.C. § 1692e.") (certain alterations added); *Dunbar v. Kohn Law Firm SC*, No. 17-0088, 2017 WL 1906748, at *2-7 (E.D. Wis. May 8, 2017) ("A debtor who reads, 'This settlement may have tax consequences,' might reasonably have questions about what that means for her. But that is the point of the statement. It is intended to alert the debtor that there is an issue that she ought to consider when deciding whether to accept the proposed settlement. That is not misleading or deceptive."); *Remington v. Fin. Recovery Servs., Inc.*, No. 16-0865, 2017 WL 1014994, at *4 (D. Conn. Mar. 15, 2017) ("Defendants advised plaintiff of settlement options and then truthfully advised plaintiff that such settlement options 'may' have tax consequences. It would take a bizarre or idiosyncratic interpretation by the least sophisticated consumer to conclude that this true statement violates the FDCPA. To be sure, the Second Circuit has recently held that the *absence* of a tax statement like the one here does not violate the FDCPA, but nothing in [that case] conversely suggests that the inclusion of a tax statement—if it is an accurate statement of the law, as it is here—violates the FDCPA.") (internal citation omitted).

FDPCA §§ 1692d, 1692e, or 1692f.  Accordingly, this Court finds that granting further leave to amend would be futile and prejudicial to Defendant.[3]  Plaintiff's Amended Complaint is DISMISSED *with prejudice*.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

[3] "When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied." *Arthur v. Maersk*, 434 F.3d 196, 204 (3d Cir. 2006).